UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MEDIABIDS.COM, INC. | ) | |
| | ) | |
| Plaintiff | ) | 3:01CV708 (AWT) (DFM) |
| | ) | |
| v. | ) | |
| | ) | |
| EMPIRE SOLUTIONS, INC. AND | ) | |
| DELL COMPUTER CORPORATION | ) | |
| | ) | |
| Defendants | ) | April 9, 2004 |

**RESPONSE TO PLAINTIFF'S OBJECTION
TO MOTION TO VOID JUDGMENT
BASED ON PERFORMANCE OF STIPULATION OBLIGATIONS**

Defendant EMPIRE SOLUTIONS, INC. (hereinafter "defendant") , for its response to the objection heretofore filed plaintiff, respectfully represents:

1) Defendant settled the above civil action with plaintiff in 2003 on the following essential terms:

(a) payment over time of the sum of $10,000.00;

(b) return of the equipment forming the basis for the dispute, or alternatively, payment with the August 2003 payment of the fair market value of that equipment; and

(c) provision of certain security for payment.

2) In its Objection, the plaintiff admits to receipt of all but the final payment under the Stipulation for Judgment. Annexed hereto as Exhibit A are copies of all payment instruments forwarded to plaintiff over the life of the agreement, all of which were received and accepted by plaintiff. Plaintiff's assertion of noncompliance with the most vital provision of the Stipulation for Judgment is therefore absurd.

6) Defendant did not ignore the plaintiff's alleged default notice, but rather proposed what it considered (and still considers) to be a reasonable resolution to the dispute over value. Specifically, defendant made the following proposal:

> Empire will continue its payments, provide your other necessary cures and waive its defenses of estoppel and/or of accord and satisfaction *if* Mediabids will agree to a neutral third-party valuation of the undelivered equipment. The neutral would need to be acceptable to, and compensated for the research effort equally by, both parties.

*see* Correspondence to Michael Stumo, Esq. annexed hereto as Exhibit B.

7) Plaintiff did not respond to this letter, and accepted all of the defendant's remaining payments. Meanwhile, it took *ex parte* and unnoticed actions not contemplated by the Stipulation for Judgment , including the registration of its judgment in the United States District Court for the Western District of New York in December of 2003, **prior to the expiration of the cure period** (*see* docket of proceedings annexed hereto as Exhibit C); transcripting that judgment into the Office of the Clerk of the County of Monroe, State of New York in March of 2004 for purposes of enforcing such judgment; and referring such judgment for enforcement to local counsel, resulting in the *ex parte* restraint of defendant's bank accounts and forcing it to incur more than $2,000 in legal and other expense to respond to that action in this Court and the Courts of the State of New York. It did all of this knowing that defendant could not make this motion until April 1, 2004 and assumed that this Court would ignore its delays in raising objections and its unilateral dictation of "fair market value."

8) To the extent plaintiff complains of noncompliance with the provisions to secure payment of the sums required by said Stipulation, defendant again notes the mootness of such obligations in light of the full performance of the substantive terms of the Agreement.

3) Plaintiff also asserts noncompliance with the provision under which defendant was required to deliver certain equipment to Plaintiff, or, failing such delivery, to make payment to Plaintiff of the fair market value of any undelivered equipment together with its August 2003 payment. Plaintiff does not deny that it received the equipment that was in defendant's possession. Nor does it deny that defendant tendered, and plaintiff accepted, an additional payment intended to represent the fair market value of the undelivered equipment not in its possession along with its August 2003 payment to Plaintiff. Instead, Plaintiff now objects, even though it waited over five months from receipt of the tender of equipment (and after receipt of all but the final payments under the principal portion of the agreement) to inspect the condition of the equipment delivered to it. Only then did it raise any objection to the condition in which the equipment was sent *or* to the adequacy of the payment amount tendered for the equipment which could not be provided.

4) In the course of numerous pretrial settlement discussions, inside and outside the presence of the Court, defendant offered return of the equipment in its possession as a portion of settlement. Plaintiff rejected these offers at every turn. Only after acceptance of substantially all (and, eventually, every cent) of the $10,000 settlement did it find fault with the performance of the settlement terms.

5) The allegations of "default" in the Objection are incomplete and incredulous to the extent they are present. Plaintiff's counsel did send counsel for defendant the letter annexed to the Objection. In it, months after tender and acceptance of a payment representing fair market value, plaintiff made a unilateral, unsubstantiated, and unreasonable demand for a payment based on the cost quoted to it by Dell for re-creation to "spec" of the now-obsolete items making up the bakance of its original purchase order from over two years previous.

Dated: April 27, 2004

Raymond C. Stilwell, Esq.,
ADAIR KAUL MURPHY
AXELROD & SANTORO LLP
17 Beresford Court
Williamsville, N.Y. 14221
Tel: 585.248.3800
Fax: 585.248.4961
Email: rcstilwell@adairlaw.com
Juris No. CT 23283

EXHIBIT A

Chase Online Image Viewer 

Page 1 c



Did you know you can pay your bills online?
Pay almost anyone, anytime - **it's fast, easy and FREE!**

You can view 13 months of payment history, so keeping track of payments is simple. Simply click "Payments and Transfers"
get started now. Or, for more information, visit chase.com/ease.

04/15/2004  07:01    7152712239         EMPIRE SOLUTIONS INC         PAGE  03
Chase Online Image Viewer    Case 3:01-cv-00708-DFM    Document 75    Filed 05/17/2004    Page 7 of 17

Page 1 of



Did you know you can pay your bills online?
Pay almost anyone, anytime - **It's fast, easy and FREE!**

You can view 13 months of payment history, so keeping track of payments is simple. Simply click "Payments and Transfers"
get started now. Or, for more information, visit chase.com/ease.



Did you know you can pay your bills online?
Pay almost anyone, anytime - **It's fast, easy and FREE!**

You can view 13 months of payment history, so keeping track of payments is simple. Simply click "Payments and Transfers"
get started now. Or, for more information, visit chase.com/ease.

04/15/2004  07:01   7162712239              EMPIRE SOLUTIONS INC              PAGE   05
Chase Online Image Viewer    Case 1:01-cv-00708-DFM    Document 75    Filed 05/11/2004    Page 9 of 17

Page 1 o



Did you know you can pay your bills online?
Pay almost anyone, anytime - **it's fast, easy and FREE!**

You can view 13 months of payment history, so keeping track of payments is simple. Simply click "Payments and Transfers"
get started now. Or, for more information, visit chase.com/ease.





Did you know you can pay your bills online?
Pay almost anyone, anytime - **it's fast, easy and FREE!**

You can view 13 months of payment history, so keeping track of payments is simple. Simply click "Payments and Transfers"
get started now. Or, for more information, visit chase.com/ease.

04/15/2004  07:01  7162712738    EMPIRE SOLUTIONS INC              PAGE  07
Chase Online Image Viewer    Case 3:01-cv-00708-DPM   Document 75   Filed 05/17/2004   Page 11 of 17

Page 1 c





Did you know you can pay your bills online?
Pay almost anyone, anytime - **It's fast, easy and FREE!**

You can view 13 months of payment history, so keeping track of payments is simple. Simply click "Payments and Transfers" get started now. Or, for more information, visit chase.com/ease.

04/15/2004  07:01  7152712238                    EMPIRE SOLUTIONS INC                    PAGE  08
Chase Online Image Viewer    Case 3:01-cv-00708-DFM    Document 75    Filed 05/17/2004    Page 12 of 17

Page 1 c



Did you know you can pay your bills online?
Pay almost anyone, anytime - **it's fast, easy and FREE!**

You can view 13 months of payment history, so keeping track of payments is simple. Simply click "Payments and Transfers"
get started now. Or, for more information, visit chase.com/ease.

Purchases Expense

2/5/04     1390        Media Bids                                    $1,000.

                              Check Number:  1390                    Feb 5, 2004

Memo:
                                                                      1000.00

      One Thousand and 00/100 Dollars

        Media Bids
        448 Main Street
        Winsted, CT  06098

---

EMPIRE FIRST, INC.
806 LINDEN AVE
ROCHESTER, NY 14625
716-248-7670

CANANDAIGUA NATIONAL BANK & TRUST
80-365/223

DATE 1390
2-5-04

AMOUNT
$ 1000 00

One thousand $ 00/00

PAY
TO THE
ORDER
OF:        Media Bids

AUTHORIZED SIGNATURE

⑈001390⑈ ⑆022303659⑆ ⑈100788513⑈

EXHIBIT B

# ADAIR, KAUL, MURPHY, AXELROD & SANTORO, LLP

ATTORNEYS AND COUNSELORS AT LAW

Raymond C. Stilwell       300 Linden Oaks ◑ Suite 220 ● Rochester, New York 14625-2883
Telephone: 585/248-3800 ● Fax: 585/248-4961
E-mail: rcstilwell@adairlaw.com

Please reply to:
Rochester

December 30, 2003

Michael Stumo, Esq.
PO Box 761
Winsted, CT 06098

**Re: Mediabids v. Empire Solutions et al**

Dear Michael:

I received your December 22 letter, and although Mr. Marcellus did not receive a copy from you, I have reviewed my copy with him. I recall providing you with the receivable and security agreement information to comply with the settlement, but if there are steps or data you need, let me know right away and I will provide what you are after.

The "fair market value" issue is far more troubling at this point. We find it highly disingenuous for Mediabids to raise this issue only after (a) accepting the tendered amount for the missing items and (b) accepting at least five months of regular payments on the remainder of the agreement. I also assure you that Mr. Marcellus did more than a "flea market" valuation of the equipment limited to Ebay. His research involved numerous calls to resellers in a variety of markets; some of these included auction site valuations, some did not. You and your client are doubtless aware of the rapid depreciation of computer equipment. Dell's offer to resell you the same obsolete equipment at a ridiculously inflated price does not magically turn it into the equipment's fair market value. Perhaps the most significant way of determining that value would be to explore your client's own efforts to resell the identical item which he did receive.

In any event, we reject this calculation and will oppose any attempt to assert a right to judgment based on it. In the spirit of resolving this issue, Empire will continue its payments, provide your other necessary cures and waive its defenses of estoppel and/or of accord and satisfaction *if* Mediabids will agree to a neutral third-party valuation of the undelivered equipment. The neutral would need to be acceptable to, and compensated for the research effort equally by, both parties.

Very truly yours,

Raymond C. Stilwell

RCS\
XC: Mike Marcellus

*Buffalo Office: The Law Center, 17 Beresford Court, Williamsville, NY 14221 ● Phone (716)634-8307● Fax (716)839-0714*

EXHIBIT C

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK
## TRANSCRIPT OF JUDGMENT

**CASE NO.: 03-MC-6020**

| Names of parties against whom judgment is obtained with residence | Names of parties in whose favor judgment is obtained with residence | Name of Attorney for Judgment Creditor |
|---|---|---|
| Empire Solutions, Inc. 806 Linden Avenue Rochester, NY 14625 | Mediabids.Com, Inc. 448 Main Street Winsted, CT 06098 | Michael C. Stumo, Esq. 95 Main Street PO Box 761 Winsted, CT 06098 |

| DATE OF FILING | AMOUNT OF JUDGMENT | WHEN SATISFIED |
|---|---|---|
| December 18, 2003 | $100,000.00 | |

I, RODNEY C. EARLY, Clerk of the United States District Court for the Western District of New York, do hereby CERTIFY that the foregoing is a true and correct transcript from the Docket of Judgments kept in my office.

IN TESTIMONY WHEREOF, I have caused the Seal of the said Court to be affixed at the City of Rochester, New York, in said District this 11th day of March, 2004.

*Rodney C Early*

RODNEY C. EARLY, Clerk

FILED

04-1921